# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JERANEK DWAYNE DIAZ,

                Plaintiff,

v.

CO NDINA,

                Defendant.

Case No. 18-CV-2015-JPS

**ORDER**

      Plaintiff Jeranek Dwayne Diaz, who is incarcerated at Fox Lake Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that Defendant CO Ndina ("Ndina"), an officer at the Milwaukee County Jail, violated his civil rights. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee, or *in forma pauperis*. (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $14.80. *See* 28 U.S.C. § 1915(b).

      The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

At all times relevant to Plaintiff's complaint, he was confined in the Milwaukee County Jail. (Docket #1 at 2). Plaintiff alleges that on May 8, 2018 he reported to an unnamed correctional officer that the toilet in his cell was not flushing. *Id.* The officer put in a work order with the maintenance department. *Id.* On May 9, because of some special circumstances in the jail, Plaintiff was locked in his cell for the entirety of the first shift (he does not say how long this was), where his toilet was overflowing with feces and urine. *Id.* The next day, May 10, Plaintiff was again locked in his cell for the whole first shift, now with feces and urine on the floor. *Id.* at 2–3. Plaintiff notified Ndina, a correctional officer at the jail, who said she would make a call to check on the progress of the repair. *Id.* at 3. She did not let Plaintiff out of his cell. *Id.* Instead, at noon that day, Ndina brought Plaintiff lunch to eat in his cell. *Id.* Plaintiff objected, saying that he did not want to eat in a cell where there was excrement on the floor. *Id.* An inmate in a neighboring cell complained about the same thing, and he was eventually let out of his cell. *Id.*

Plaintiff's complaint meets the low bar of screening to state a conditions-of-confinement claim under the Eighth Amendment's proscription of cruel and unusual punishment. To prevail on a conditions-of-confinement claim under the Eighth Amendment, an inmate must establish that (1) the condition complained of is sufficiently serious to implicate constitutional protection, and (2) prison officials acted with deliberate indifference to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (quotation and internal marks omitted). To satisfy the first requirement, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Id.* With regard to the second requirement, the Supreme Court has explained that "deliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with the knowledge that harm will result." *Id.* at 835. The Court defined this "deliberate indifference" standard as equal to "recklessness," in which "a person disregards a risk of harm of which he is aware." *Id.* at 836–37.

The Seventh Circuit has held that while "a single clogged toilet does not violate the Constitution," *Hardeman v. Curran,* 933 F.3d 816, 823 (7th Cir. 2019), prolonged exposure to human excrement can, *see e.g., Johnson v. Pelker,* 891 F.2d 136, 139–40 (7th Cir. 1989) (prisoner held for three days in segregation cell smeared with human feces and having no running water); *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992) (prisoner held in cell that was filthy and smelled of human waste, contained dirty bedding, and had rusted toilets, no toilet paper, and black worms in the drinking water); *Isby v. Clark,* 100 F.3d 502, 505–06 (7th Cir. 1996) (prisoner held in segregation cell that was "filthy, with dried blood, feces, urine and food on the walls"); *see also DeSpain v. Uphoff,* 264 F.3d 965, 974 (10th Cir. 2001) (concluding that

exposure to human waste, even for 36 hours, would constitute sufficiently serious deprivation to violate Eighth Amendment). Therefore, Plaintiff's allegation that he was forced to remain for three days in a cell with feces and urine on the floor is sufficient to satisfy the first element of his conditions-of-confinement claim for the purpose of screening.

Next, as to the subjective element of his claim, Plaintiff has sufficiently alleged the Ndina was aware of the unsanitary condition of Plaintiff's cell and did not meaningfully address it. Discovery may reveal that Ndina acted reasonably in response to learning of Plaintiff's plight, but that is a matter for later briefing. If Plaintiff believes there was another officer—such as the first officer he notified of the toilet issue—who knew of the condition of Plaintiff's cell and failed to take steps to correct the issue, he can amend his complaint to add that defendant.

In sum, Plaintiff shall be permitted to proceed on conditions of confinement claim, in violation of the Eighth Amendment, against Ndina. 28 U.S.C. § 1915A(b).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that, pursuant to an informal service agreement between Milwaukee County and this Court, copies of Plaintiff's complaint and this Order are being electronically sent today to Milwaukee County for service on Defendant;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, Defendant shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $335.20 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this Order be sent to the officer in charge of the agency where Plaintiff is confined; and

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 4th day of November, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge