UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JERANEK DWAYNE DIAZ,

    Plaintiff,

    v.        Case No. 18-C-2015

VALBONA NDINA,

    Defendant.

---

## DECISION AND ORDER

Plaintiff Jeranek Diaz is representing himself in this § 1983 case. Discovery is set to close on August 22, 2020, and summary judgment motions are due on September 22, 2020. On July 17, 2020, the court held a telephone conference with the parties to clarify whether Diaz was represented by a lawyer or whether he was representing himself. Diaz had stated to defense counsel and the court that he had hired a lawyer to represent him, but no lawyer had filed an appearance nor had any lawyer contacted defense counsel. Diaz told the court that he would ask his wife to give defense counsel his lawyer's contact information. The court advised defense counsel to wait a reasonable amount of time to receive that information; however, the court also informed Diaz that, if defense counsel did not receive the promised information, she was permitted to schedule Diaz's deposition, and Diaz would have to proceed on his own. The court explained to Diaz that he does not have a constitutional right to counsel and that the court believes Diaz has the capacity to represent himself at this time.

According to defense counsel, neither Diaz nor his wife provided her with information about how to contact Diaz's lawyer, so she noticed Diaz's deposition for August 13, 2020. The

day before the scheduled deposition, Diaz's institution contacted her to let her know that Diaz had been moved to restrictive housing and would not be available for his deposition. Defense counsel learned that Diaz would remain in restrictive housing until early September.

Defendant asks the court to extend the discovery deadline to September 22, 2020, and the summary judgment deadline to October 22, 2020. She explains that Diaz also has not responded to her written discovery requests, so she is unable to prepare her defense and file a summary judgment motion before the current deadline. The court will grant her motion.

Diaz has filed three motions asking the court to recruit counsel, which the court has denied. ECF Nos. 24–28. The court has explained to Diaz that his claim is straightforward and limited, and the relevant information is largely within his personal knowledge. The court has had no problem understanding Diaz—his communications have been clear and organized. And, to assist Diaz, the court has provided him with general information about how cases proceed and how to participate in discovery.

The court acknowledges that Diaz is reluctant to litigate this case on his own, but that is not a valid reason to ignore Defendant's discovery requests. Diaz must respond to the written discovery served upon him. He may object to a request if he thinks it seeks information that is not relevant to his claim or if he does not understand what the request his asking for, but he must make his objections in writing and he must explain why he is objecting. If a request seeks information that is relevant to his claims, he must respond to the request in writing or he must give Defendant documents with the information Defendant seeks. His answers must be honest and complete; he cannot give partial answers or refuse to answer just because he is afraid the information may hurt his case. If Diaz refuses to participate in written discovery, the court will consider sanctions, including dismissing this case.

2

Case 2:18-cv-02015-WCG   Filed 08/20/20   Page 2 of 3   Document 36

**IT IS THEREFORE ORDERED** that Defendant's second motion to extend the discovery and dispositive motion deadlines (ECF No. 35) is **GRANTED**. The discovery deadline is extended to **September 22, 2020**, and the summary judgment motion deadline is extended to **October 22, 2020**.

Dated at Green Bay, Wisconsin this 20th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
