UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERANEK DWAYNE DIAZ,

      Plaintiff,

      v.                              Case No. 18-C-2015

VALBONA NDINA,

      Defendant.

## DECISION AND ORDER

Plaintiff Jeranek Diaz is representing himself in this § 1983 case. On November 23, 2020, defendant Valbona Ndina filed a summary judgment motion. Dkt. No. 39. Diaz's response materials are due December 23, 2020. *See* Dkt. No. 47. On December 11, 2020, Diaz moved for an additional 60 days to respond to Ndina's motion. Dkt. No. 48. He also asked the court to reconsider its denial of his motion for the appointment of counsel. Dkt. No. 49.

Diaz explains he would like to extend his response deadline by 60 days because he has limited access to the law library and is unable to watch the video of his deposition. Ndina explains the legal framework relevant to Diaz's claim in her brief in support of summary judgment. Dkt. No. 41 at 7. The court is familiar with the law and does not require Diaz to explain the legal basis of his claim so much as to indicate which facts asserted by Ndina are in dispute. In other words, Diaz's time would be best spent identifying evidence, already known to him or gathered during discovery, that would allow a jury to reasonably conclude that Ndina did what he says she did. Diaz does not need access to the law library to do this, as he has personal knowledge of the events giving rise to his claim.

With regard to Diaz's inability to view the video of his deposition, the court notes that Diaz knows the questions he was asked and his responses to those questions. If Diaz believes Ndina mischaracterizes his responses, he can explain that in his response materials. When the court evaluates the motion, it will view the video of Diaz's deposition and any assertions Diaz makes about Ndina mischaracterizing the deposition. As such, it is unclear how viewing the video will assist Diaz in responding to Ndina's motion. The court will grant a 30-day extension of Diaz's deadline to respond. The court encourages Diaz to review its November 30, 2020 Notice and Order, which details the requirements for responding to a summary judgment motion.

Diaz also asks the court to reconsider its denial of his motion for the appointment of counsel. Diaz states that he lacks knowledge and experience and has limited access to legal resources. As the court previously explained, Diaz's claim is straightforward and the facts giving rise to that claim are largely within his personal knowledge. Dkt. No. 26 at 3. The court explained to Diaz the procedures for responding to a summary judgment motion, and Diaz has been able to communicate his thoughts and arguments to the court. Nothing suggests Diaz lacks the capacity to respond to Ndina's summary judgment motion.

**IT IS THEREFORE ORDERED** that Diaz's motion for a 60-day extension of time (Dkt. No. 48) is **GRANTED-IN-PART**. Diaz must file his materials in response to Ndina's summary judgment motion by **January 22, 2021**. Under Civil L. R. 7(d), a party's failure to respond to a motion is sufficient cause for the court to grant the motion.

**IT IS FURTHER ORDERED** that Diaz's motion for reconsideration for appointment of counsel (Dkt. No. 49) is **DENIED**.

Dated at Green Bay, Wisconsin this 15th day of December, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge